**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DOWNTOWN SPORTS, INC., and :
METROTAINMENT CAFES, INC., :
:
    Plaintiffs, :
: CIVIL ACTION NO.
v. : 1:08-CV-3842-JOF
:
LEGACY AH, LLC, and :
DAVID D. MARVIN, :
:
    Defendants. :

## OPINION AND ORDER

The instant matter is before the court on Defendants Legacy AH, LLC ("Legacy"), and David D. Marvin's Motion to Dismiss [4].

Defendants own and manage real property located at 300 Marietta Street, Atlanta, GA 30313 ("the Property"). Defendants marketed the Property as a restaurant row in the heart of Atlanta within walking distance of major attractions like the Georgia Aquarium and Phillips Arena. Defendant Legacy approached Plaintiff Metrotainment Cafes, Inc. ("Metrotainment"), about leasing a portion of the Property. Metrotainment developed the concept of a high-end sports bar named GAME! Downtown Sports Bar and Grill ("Game") and formed Plaintiff Downtown Sports, Inc. ("Downtown"), to own Game with Metrotainment and manage its operations and development. On March 21, 2005, Downtown

entered into a lease ("the Lease") with Defendant Legacy to rent 21,000 square feet of interior and exterior space at the Property ("the Leased Property"), which the parties later amended.

In reliance on the Lease, Plaintiffs spent more than $250,000 on various expenses including blueprints and technical plans, an engineering firm, a construction company, city permit applications, advertising and promotion, legal counsel, marketing plans, rental payments, and other expenses. DownTown delivered copyrighted plans for the construction of Game to Legacy so that it could complete construction. Plaintiff contends that Defendant Legacy failed to deliver the Leased Premises to Downtown as agreed on May 15, 2005, and the parties began a lease dispute. This lease dispute is part of the instant action and a parallel state proceeding in Fulton County. Legacy ultimately entered into a partnership with Concentrics Restaurants, Bob Amick, and Big League Broadcasting, LLC, to own and operate its own high-end sports bar named STATS on the Leased Premises. Plaintiffs contend that Defendants used their permit applications and copyrighted plans to construct and open STATS.

Plaintiffs filed the instant suit on December 19, 2008, alleging claims of copyright infringement under 17 U.S.C. § 101, *et seq.*, unjust enrichment, and conversion against all Defendants and one count of breach of contract against Defendant Legacy. Defendants filed the instant Motion to Dismiss on January 9, 2009. Defendants maintain that Plaintiffs'

2

complaint fails to state a claim for copyright infringement, and thus there is no basis for original jurisdiction over Plaintiffs' complaint. Defendants contend that (1) Plaintiffs do not allege any specific act of infringement; (2) Plaintiffs do not identify any original elements of work as to which infringement is claimed; and (3) Plaintiffs do not allege "current" ownership of copyright.

The issue before this court is whether Plaintiffs have sufficiently plead a claim of copyright infringement. Claims for copyright infringement may be pled under the general pleading requirements of Fed. R. Civ. P. 8. *TracFone Wireless, Inc. v. GSM Group, Inc.*, 555 F. Supp. 2d 1331 (S.D. Fla. 2008). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief"in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." To establish copyright infringement, a plaintiff must show: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008).

Here, Plaintiffs identified the work in question, the "Copyrighted Plans," as the technical plans, detailed drawing, and blueprints of the "Leased Premises," designed and created by *Modal AI, Inc.*, at the direction of Plaintiffs, and submitted to Legacy between March 21, 2005, and May 15, 2005. (Cmplt.¶¶ 12, 15, 17). Plaintiffs' complaint states that

AO 72A
(Rev.8/82)

the "Copyrighted Plans" for the Leased Premises "are protected under 17 U.S.C.A. § 102 as an original work of authorship, and as an expression of the particular needs of Plaintiffs in creating and developing technical drawings for the construction of GAME," and "were registered in 2007, Copyright Registration No. VA 1-404-407." (*Id.* ¶ 24). Plaintiffs further allege that "Defendants stole, misappropriated, copied, transmitted, or otherwise infringed on Plaintiffs' valid copyright in the Copyrighted Plans by submitting the Plans to the City of Atlanta and using the Plans for construction of STATS through 2007." (*Id.* ¶ 26). Plaintiffs have clearly alleged ownership and infringement in their complaint. Defendants' arguments to the contrary are unpersuasive.

Defendants' Motion to Dismiss is DENIED [4].

**IT IS SO ORDERED** this 14th day of April 2009.

                                        s/ J. Owen Forrester
                                      J. OWEN FORRESTER
                SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)